```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
NEW YORK CITY DEPARTMENT OF EDUCATION,  :
                                        :
                           Plaintiff,   :    12 Civ. 1108 (DLC)
                                        :
              -v-                       :    OPINION & ORDER
                                        :
S.A. and J.A. o/b/o N.A., a Child with  :
a disability,                           :
                                        :
                           Defendants.  :
                                        :
----------------------------------------X
```

Appearances:

For plaintiff:

Michael A. Cardozo
Janice L. Birnbaum
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007

For defendants:

Michael D. Hampden
Charles P. Scholl
Dalit F. Paradis
Partnership for Children's Rights
271 Madison Avenue, 17th floor
New York, NY 10016


DENISE COTE, District Judge:

Plaintiff the New York City Department of Education ("DOE") brings this action pursuant to the Individuals with Disabilities

Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA" or the "Act").[1] Plaintiff moved for summary judgment on June 29, 2012, seeking reversal of an administrative decision by the State Review Officer ("SRO"), which dismissed as moot, without vacatur, the DOE's administrative appeal of an Impartial Hearing Officer ("IHO") decision awarding tuition payment and reimbursement to defendants S.A. and J.A. (the "Parents") on behalf of their minor child N.A. (the "Student") for the Student's attendance at a private school during the 2010-2011 school year ("SRO Decision" and "IHO Decision", respectively). The defendants filed a cross-motion on June 29, 2012 to dismiss the plaintiff's complaint or, alternatively, for summary judgment on the merits. The plaintiff and defendants also submitted cross-motions to admit additional evidence on June 29 and August 15, respectively. For the reasons set forth below, the DOE's motion for summary judgment is granted.

The Court assumes familiarity with the relevant statutory framework in this matter and discusses only those aspects that are pertinent to this motion. Under the IDEA, parents are provided an opportunity to present a complaint with respect to

---

[1] Congress amended the IDEA by enacting the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), Pub. L. No. 108-446, 118 Stat. 2647, which took effect on July 1, 2005. Courts, however, continue to refer to the amended Act as the IDEA. Except where noted, the statutory citations in this Opinion are to the IDEA as amended by the IDEIA.

2

the identification, evaluation, or placement of their child in the individualized education program ("IEP") that a school district creates for each student covered by the Act.  20 U.S.C. § 1415(b)(6)(A); see also 20 U.S.C. § 1414(d)(2)(A).  The final administrative decision on appeal to an SRO may be reviewed "in a district court of the United States" by "bring[ing] a civil action with respect to the complaint."  20 U.S.C. § 1415(i)(2)(A).  The district court is empowered to "receive the records of the administrative proceedings," to "hear additional evidence," and to "grant such relief as the court determines is appropriate" based on "the preponderance of the evidence" before it.  Id. § 1415(i)(2)(C).  The IDEA "gives courts broad authority to grant 'appropriate' relief."  Forest Grove Sch. Dist. v. T.A., 557 U.S. 230, 239 (2009).

The IDEA's "stay-put" provision provides that "during the pendency of any proceedings [challenging the appropriateness of a proposed IEP,] the child shall remain in the then-current educational placement," regardless of the merits of the parent's complaint.  20 U.S.C. § 1415(j); see 34 C.F.R. § 300.514(a); Mackey ex rel. Thomas M. v. Board of Educ. for Arlington Central Sch. Dist., 386 F.3d 158, 161 (2d Cir. 2004).  Thus, a state must continue to fund the child's last agreed-upon placement unless and until a new placement is established, inter alia, by an unappealed administrative decision upholding the

3

appropriateness of a change of placement, or by a court. See Bd. Of Educ. Of the Pawling Central Sch. Dist. v. Schutz, 290 F.3d 476, 484 (2d Cir. 2002).

The parties to this action have a long history of litigation with respect to N.A.'s placement at the Aaron School, a private school. The Parents were awarded tuition reimbursement for the 2004-2005, 2005-2006, and 2006-2007 school years in three successive IHO decisions. In proceedings related to the 2009-2010 school year, an IHO decision awarding reimbursement to the Parents was reversed by the SRO, and the SRO decision was affirmed by the district court on March 28, 2012.[2] On November 8, 2010, the Parents filed an amended impartial hearing request seeking reimbursement for N.A.'s tuition at the Aaron School and for after-school programs for the 2010-2011 school year. The IHO granted the Parents' reimbursement claims on August 4, 2011, and the DOE appealed the IHO Decision to the SRO on September 1, 2011. Prior to the SRO Decision, the DOE fully reimbursed the Parents for all tuition and related services as to the 2010-2011 school year in

---

[2] J.A. and S.A. o/b/o N.A. v. New York City Dept. of Educ., No. 10 Civ. 9056 (DAB), 2012 WL 1075843 (S.D.N.Y. Mar. 28, 2012). The DOE consented to tuition reimbursement in settlement of the Parents' impartial hearing claims for the 2007-2008 and 2008-2009 school years.

4

accordance with its pendency obligations under the IDEA.[3]  On October 14, 2011, the SRO dismissed the DOE appeal as moot based on the fact that the DOE had fully reimbursed the defendants for all tuition and related services for the 2010-2011 school year and thus "the Parents have already received all of the relief they were seeking at the impartial hearing under pendency."

It is true that the question of reimbursement for the 2009-2010 school year is no longer at issue in this case.  The harm alleged by the DOE, however, falls squarely within the "capable of repetition, yet evading review" exception to the mootness doctrine.  See U.S. v. Quattrone, 402 F.3d 304, 309 (2d Cir. 2005); Schutz, 290 F.3d at 479 n.1 (describing an IDEA action challenging an administrative decision ordering reimbursement to be "a classic instance of harm 'capable of repetition yet evading review.'").  The narrow "capable of repetition" exception applies when "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action

---

[3] These obligations stemmed from an unappealed IHO merits decision in the parents favor from the 2006-2007 school year. The proceedings with respect to the 2009-2010 school year remained pending in the district court at the time the 2010-2011 school year proceedings commenced.

5

again." In re Zarnel, 619 F.3d 156, 163 (2d Cir. 2010) (citation omitted).

Both conditions are satisfied in this case. "IEP disputes likely satisfy the first factor [of the capable of repetition test] for avoiding mootness dismissals," Lillbask ex rel. Mauclaire v. State of Connecticut Dept. of Educ., 397 F.3d 77, 85 (2d Cir. 2005), since administrative and judicial review of an IEP is "ponderous" and a final judicial decision on the merits of an IEP will often come at least one year after the subject school year has passed. Frank G. v. Bd. of Educ. of Hyde Park, 459 F.3d 356, 369 (2d Cir. 2006) (citation omitted). In such cases, as here, the case is not moot "because the alleged deficiencies in the IEP [are] capable of repetition as to the parties before it yet evading review." Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 186 n.9 (1985). Moreover, as the Second Circuit held in Schutz, "unless the question of the District's obligation to pay [the student's] tuition pending resolution on the merits of a given proposed, and rejected, IEP is resolved . . . the [parents'] legal claim for tuition payment during such pendency will likely be repeated, perhaps as often as every school year, and will continue to evade review." Schutz, 290 F.3d at 479 n.1. Indeed, the Parents have already initiated proceedings challenging the DOE's proposed IEP for N.A. in the 2011-2012

school year.  There can be no question that the "reasonable expectation" of repetition necessary to bring this action within the mootness exception is satisfied.  Lillbask, 397 F.3d at 86.[4]

Having determined that this case falls into an exception to the mootness doctrine, it is remanded to the SRO for reconsideration.  The Parents argue that if this action is found to be justiciable, the Court should adjudicate the case on the merits.  The role of federal courts in reviewing educational decisions made by the state under the IDEA, however, "is circumscribed.  While the district court must base its decision on the preponderance of the evidence, it must give due weight to

---

[4] All the controlling cases on which the Parents rely in their submissions to argue that the "capable of repetition" exception does not apply are distinguishable.  In contrast to the present action, the underlying administrative decisions in those cases either upheld a student's placement in a proposed IEP, which the parents were challenging, or the courts did not find a "reasonable expectation" of repetition when the parties agreed on an appropriate placement for the student or did not intend to re-enroll their child in school.  See Lillbask, 397 F.3d at 83, 87 (student remained in public school and parties agreed that the current placement was appropriate); Russman v. Bd. of Educ. of Enlarged City Sch. Dist., 260 F.3d 114, 119 (2d Cir. 2001) (the parents did "not indicat[e] any intention to re-enroll [the student] in . . . a school"); Christopher P. by Norma P. v. Marcus, 915 F.2d 794, 803-04 (2d Cir. 1990) (the parties settled the case and the student was unlikely to be re-enrolled in the subject school).  Thus, the ongoing pecuniary interest of the school district based on the IDEA's stay-put provision and the prospect of continuing litigation over the student's placement were not at issue, as they are here.

the administrative proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." T.Y. v. New York City Dept. of Educ., 584 F.3d 412, 417 (2d Cir. 2009) (citation omitted). Therefore, courts may not "substitute their own notions of sound educational policy for those of the school authorities which they review." Rowley, 458 U.S. at 206.

Considering the above, remand is particularly appropriate in this case given that (1) the SRO Decision did not vacate the IHO Decision and the parties dispute whether the IHO Decision is legally flawed; and (2) the district court's decision affirming the DOE's proposed IEP for the student in the immediately preceding school year was not available to either the IHO or SRO to consider as appropriate in their determinations on the merits of the DOE's proposed IEP for the 2010-2011 school year. Moreover, given the rigorous thirty-day time constraint imposed on an SRO review under the IDEA, see 34 C.F.R. § 300.515(a), the Court is also not convinced that remand will cause any undue delay or burden.

CONCLUSION

The plaintiff's motion for summary judgment is granted. The defendants' motion to dismiss or alternatively for summary judgment is, accordingly, denied. The action is remanded to the SRO for reconsideration.

SO ORDERED:

Dated: New York, New York
December 4, 2012

                                          DENISE COTE
                              United States District Judge